UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CR-33(01)RM |
| | ) | |
| PERRY MOTOLO | ) | |

OPINION and ORDER

The court notes that Mr. Motolo, for whom counsel has appeared, has filed a motion that does not carry the signature of counsel. Mr. Motolo says he's asking the court to make "a de novo determination for a complete review of pertinent and immutable facts" of this case pursuant to his right to assist and/or act as co-counsel in his own defense. Contrary to Mr. Motolo's assertion, there is no Sixth Amendment right to a "hybrid representation" where a defendant acts as co-counsel along with his attorney. United States v. Chavin, 316 F.3d 666, 671 (7th Cir. 2002); *see also* United States v. Singleton, 107 F.3d 1091, 1101 n.7 (4th Cir. 1991) ("The cases reiterating the principle that courts are not required to allow defendants to split the responsibilities of the representation with an attorney are myriad."); United States v. Oakey, 853 F.2d 551, 553 (7th Cir. 1988) ("Hybrid representation is disfavored since it allows a defendant to address the jury, in his capacity as counsel, without being cross-examined in his capacity as a defendant."); United States v. Norris, 780 F.2d 1207, 1211 (5th Cir. 1986) ("[A] defendant does not have the right to a hybrid representation in which he conducts a portion of the trial and counsel conducts the balance.").

Mr. Motolo is represented by counsel, so he cannot make a pro se filing; his counsel must manage the litigation and all filings must be made through counsel. *See* Fed. R. Crim. P. 49(d); Fed. R. Civ. P. 11(a). Accordingly, Mr. Motolo's petition [docket # 88] will not be considered as properly before the court.

SO ORDERED.

ENTERED:   January 28, 2008

        /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: P. Motolo
     D. Jones
     J. Barrett
     J. Cassara